IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BILLY GOAT CONSTRUCTION, LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 1:24-cv-513 |
| HOUSEMAX FUNDING FUND I, LLC, WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF SG ALTERNATIVE MORTGAGE TRUST 2022-RT1.2, | § § § § § § § § § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendant Wilmington Savings Fund Society, FSB, not in its Individual Capacity, but solely as Owner Trustee of SG Alternative Mortgage Trust 2022-RTL2[1] ("Defendant" or "Wilmington"), files this notice of removal of this action from the 126th Judicial District Court of Travis County, Texas. Defendant submits this Notice in support of removal. Removal is based on diversity jurisdiction.

### INTRODUCTION

1.      On or about May 2, 2024, Plaintiff Billy Goat Construction, LLC ("Plaintiff") filed its *Original Petition, Application for Temporary Restraining Order* (the "Petition") against Wilmington and Housemax Funding Fund I, LLC ("Housemax"), bearing Cause No. D-1-GN-24-002769 in the 126TH Judicial District Court, Travis County, Texas, styled *Billy Goat*

---

[1] Plaintiff improperly named Defendant as Wilmington Savings Fund Society, FSB, not in its Individual Capacity, but solely as Owner Trustee of SG Alternative Mortgage Trust 2022-RT1.2. Defendant's correct name is Wilmington Savings Fund Society, FSB, not in its Individual Capacity, but solely as Owner Trustee of SG Alternative Mortgage Trust 2022-RTL2.

*Construction, LLC vs. Housemax Funding Fund I, LLC, Wilmington Savings Fund Society, FSB, not in its Individual Capacity, but solely as Owner Trustee of SG Alternative Mortgage Trust 2022-RTL1.2* (the "State Court Action").

2. The allegations in the Petition relate to the posted foreclosure sale of certain real property located in Travis County, Texas. This real property is identified by the following common street address of 1718 S. 5th Street, Austin, Texas 78704-3413, and more particularly described as:

> LOT 1, BLOCK 2, NORTH EXTENSION TO BOULDIN ADDITION, A SUBDIVISION IN TRAVIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT RECRODED IN VOLUME 2, PAGE 135, PLAT RECORDS OF TRAVIS COUNTY, TEXAS

("the Property").

3. Plaintiff alleges that Defendants violated the terms of the subject deed of trust, lack apparent authority to foreclose and that they failed to provide Plaintiff with the required foreclosure notices prior to the scheduled foreclosure sale. (*See* Petition.) For these alleged wrongdoings, Plaintiff brings claims against Defendants for (1) wrongful foreclosure, (2) breach of contract, (3) negligent misrepresentation, and (4) negligence. Plaintiff also seeks injunctive relief to enjoin foreclosure and recover compensatory damages, exemplary damages, treble damages, punitive damages and attorney fees. (*See id.*)

4. A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as **Exhibit A.** In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action, including the Petition, are attached hereto within the contents of **Exhibit B**.

5. This Notice of Removal is timely because thirty (30) days have not expired since the State Court Action was filed, making removal proper in accordance with 28 U.S.C. Section

1446(b).

6. This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

### A. There is diversity between the parties.

7. There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and properly named Defendant Wilmington, and more than $75,000.00 is in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

#### 1. There is complete diversity between the properly joined parties.

8. Plaintiff is a limited liability company organized under the laws of the State of Texas. The citizenship of a limited liability company is "determined by the citizenship of all its members." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014). The members of Plaintiff are Gabriel Guerrero and Heather Haywood. Gabriel Guerrero and Heather Haywood are each individuals and citizens of Texas. Plaintiff, therefore, is a citizen of Texas for diversity-jurisdiction purposes.

9. Wilmington is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). Therefore, as trustee, Wilmington's citizenship determines whether there is diversity between the parties. Wilmington is a federal savings bank chartered under the laws of the United States. Wilmington's home office is in Delaware, and Wilmington is therefore a citizen of Delaware for purposes of diversity jurisdiction. *See* 12 U.S.C.S. § 1464(x).

**2.      Housemax was improperly joined.**

10.     The doctrine of improper joiner entitles a defendant to remove to federal court if an in-state defendant is improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  Improper joinder occurs when the plaintiff is unable to establish a cause of action against the non-diverse defendant. *Id. Smallwood* recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (internal citations omitted).  The removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* "This possibility [of recovery], however, must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Deen Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

11.     In determining whether there is a reasonable basis to predict whether the plaintiff might recover against an in-state defendant, courts often utilize a Rule 12(b)(6) analysis. Rule 12(b)(6) provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* at 1949–50. A complaint states a "plausible claim for relief when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986).

    **a.    Plaintiff fails to state a claim against Housemax for alleged wrongful foreclosure conduct.**

12. Plaintiff generally groups Housemax with Wilmington in making its claims for wrongful foreclosure, breach of contract, negligent misrepresentation and negligence. (Exh. B-1.) Plaintiff's claims are all based upon Defendants' alleged failure to provide Plaintiff with foreclosure notices as required under the subject Deed of Trust and Texas Property Code. The foreclosure sale was scheduled for May 7, 2024.

13. As of May 7, 2024, Housemax was not the mortgagee of the subject mortgage loan. On March 14, 2024, the loan was assigned from Housemax to Wilmington per certain Assignment of Mortgage recorded in the official public records of Travis County, Texas under Instrument No. 2024028527[2]. (Exh. D.) Wilmington is the mortgagee of the loan at issue and the foreclosing entity. Housemax was not the foreclosing entity, was not involved in the foreclosure proceedings and thus is not liable under any of the claims asserted by Plaintiff related to the foreclosure proceedings. *Ricardo v. Bank of New York Mellon,* No. CV H-16-3238, 2017 U.S. Dist. LEXIS 125876, 2017 WL 3424975, at *10 (S.D. Tex. Aug. 9, 2017). Accordingly, Plaintiff failed to plead a viable cause of action against Housemax, and its citizenship should be ignored for purposes of considering diversity jurisdiction.

    **b.    Plaintiff fails to state a claim for wrongful foreclosure against Housemax.**

14. Texas recognizes the following elements of a wrongful foreclosure claim: "(1) a

---

[2] A true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein by reference. Defendant respectfully requests that the Court take judicial notice of the Assignment of Mortgage which was recorded in the Official Public Records of Travis County, Texas. Fed. R. Evid. 201(b); *see also Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *see also Starling v. JPMorgan Chase Bank, N.A.,* No. 3:13-CV-777-M-BN, 2013 U.S. Dist. LEXIS 120219, 2013 WL 4494525, at *3 (N.D. Tex. Aug. 22, 2013) (a recorded deed of trust, a recorded substitute trustee's deed, and tax assessor records are matters of public record subject to judicial notice.)

defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017).

15. A claim for wrongful foreclosure lies only against the mortgagee or foreclosing entity. *Ricardo v. Bank of New York Mellon*, No. CV H-16-3238, 2017 U.S. Dist. LEXIS 125876, 2017 WL 3424975, at *10 (S.D. Tex. Aug. 9, 2017) (holding plaintiff could not state a claim for wrongful foreclosure against entity that was not the mortgagee or foreclosing entity). Housemax is not the mortgagee of the loan. (Exh. D.) Accordingly, Plaintiff may not assert a claim for wrongful foreclosure against Housemax and its claim fails under the Rule 12(b)(6) standard.

    **b.**    **Plaintiff fails to state a claim for breach of contract against Housemax.**

16. Under Texas law, the "essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Eagle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007). A party asserting breach of contract claims must "prove its privity to the agreement, or that it is a third-party beneficiary." *Pagosa Oil and Gas, LLC v. Marrs & Smith P'ship*, 323 S.W.3d 203, 210 (Tex. App.—El Paso, no pet.).

17. Plaintiff alleges that Housemax breached the Deed of Trust by (1) not allowing it to cure the default, (2) failing to provide foreclosure notices, (3) failing to accurately account for (4) construction proceeds, (5) not allowing a refinance and (6) not following the terms of the deed of trust. (Petition at ¶24.) As to Plaintiff's unsupported allegations that foreclosure notices were not provided, Housemax cannot be liable since the loan was assigned to Wilmington on March 14, 2024. Wilmington was the foreclosing entity, not Housemax. (Exh. D.)

18.     As to the remaining allegations, Plaintiff fails to sufficiently plead that Housemax breached the terms of the Deed of Trust. In the context of a breach of contract claim involving a mortgage, a plaintiff must identify the specific provision in the deed of trust that was breached. *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) ("a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached").

19.     Further, Plaintiff makes no allegations of any alleged damages sustained as a result of Housemax' s alleged breach of contract. *Lyons v. Wells Fargo Bank, N.A*., No. 4:17-cv-01635, 2018 U.S. Dist. LEXIS 137363, at *7 (S.D. Tex. July 27, 2018) (citing to *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 278 (5th Cir. 2009) (damages under a breach of contract claim may not be remote, contingent, speculative, or conjectural.) Accordingly, Plaintiff's claim for breach of contract against Housemax fails under the Rule 26(b)(6) standard.

### c.     Plaintiff fails to state a claim for negligent misrepresentation against Housemax.

20.     In order to sustain a claim of negligent misrepresentation, a plaintiff must allege facts demonstrating "(1) the defendant made a representation in the course of its business; (2) the defendant supplied false information for the guidance of another in the other's business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Owens v. BAC Home Loans Servicing, L.P.*, No. H-11-2742, 2013 U.S. Dist. LEXIS 46514 at *4 (S.D. Tex. Mar. 30, 2013) (quoting Martin K. Eby Constr. Co. v. LAN/STV, 350 S.W.3d 675, 688 (Tex. App.—Dallas 2011).

21.     Plaintiff offers no allegations of the alleged misrepresentations made by Housemax. As discussed above, Housemax was not involved in the foreclosure proceedings since Wilmington was the mortgagee. As to Plaintiff's allegations that Housemax represented to Plaintiff that it

"would" receive assistance, such claim fails as a matter of law because under Texas law, a negligent misrepresentations claim must be based on a statement of existing facts and not future promises. *BCY Water Supply Corp. v. Residential Inv., Inc.*, 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied). ("A promise to do or refrain from doing an act in the future is not actionable because it does not concern an existing fact."); *see also Owens v. BAC Home Loans Servicing, L.P.*, No. H-11-2742, 2013 U.S. Dist. LEXIS 46514, at *16 (S.D. Tex. Mar. 30, 2013). Furthermore, any claims against alleged oral misrepresentations concerning the subject loan agreement are barred by statute of frauds. *Vineyard v. BAC Home Loan Servicing, LP*, No. A-10-CV-842-LY, 2011 U.S. Dist. LEXIS 155798, at *16 (W.D. Tex. Dec. 28, 2011) ("under Texas's statute of frauds, loan agreements exceeding $50,000 are not enforceable unless agreement is in writing and signed by the party to be bound or by that party's authorized representative. Tex Bus. & Com. Code § 26.02").

22.     Finally, Texas requires pecuniary loss independent from the loan agreement to support a negligent-misrepresentation claim. *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663-64 (Tex. 1998) Plaintiff offers no allegations as to the alleged pecuniary loss suffered as a result of the alleged misrepresentations. *Verdin v. Fannie Mae*, 540 F. App'x 253, 255 (5th Cir. 2013) (affirming the dismissal of a negligent misrepresentation claim for failure to plead pecuniary loss). Accordingly, Plaintiff's claim for negligence misrepresentations against Housemax fails under the Rule 26(b)(6) standard.

   **d.     Plaintiff fails to state a claim for negligence against Housemax.**

23.     Plaintiff brings a claim against Housemax for negligence alleging that foreclosure notices were not provided. (Petition at ¶26.) Housemax is not liable for any misconduct related to

the foreclosure proceedings since it was not the mortgagee of the loan and had no involvement in the foreclosure proceedings.

24. A negligence claim requires the following elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately caused by the breach. *Denley v. Vericrest Fin., Inc.*, Civil Case No. 2012 U.S. Dist. LEXIS 86060, 2012 WL 2368325 (S.D. Tex. June 21, 2012) (citing *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)). Here, Plaintiff fails to offer any allegations that Housemax owed Plaintiff a legal duty, the alleged breach, or that it suffered damages caused by the breach. If there is no legal duty, liability for negligence cannot exist. *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999).

25. Further, to the extent that Plaintiff alleges that Housemax owed it a legal duty during the time when it was the mortgagee of the loan, in the relationship of mortgagor and mortgagee does not ordinarily involve a duty of good faith. *UMLIC VP LLC v. T & M Sales and Envtl. Sys., Inc.*, 176 S.W.3d 595, 611 (Tex. App.—Corpus Christi 2005, pet. denied); *see also Coleman v. Bank of America, N.A.*, 2011 U.S. Dist. LEXIS 67056, 2011 WL 2516169 *1 (N.D. Tex. 2011) (holding that Texas does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power"). Plaintiff's negligence claim thus fails under the Rule 26(b)(6) standard. *Fraley v. BAC Home Loans Servicing, LP*, Civil Action No. 3:11-CV-1060-N-BK, 2012 U.S. Dist. LEXIS 31832 at *24 (N.D. Tex. Jan. 10, 2012).

**B.      The amount in controversy exceeds $75,000.00.**

26. The amount in controversy exceeds the sum or value of $75,000.00.

27. In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is

measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, in those cases the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). In response to a foreclosure, when someone seeks to "enjoin[] a lender from transferring property and preserv[e] an individual's ownership interest, it is the property itself that is the object of litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (internal citation omitted).

28. Plaintiff seeks, *inter alia*, to enjoin Defendant from foreclosing on the lien on the Property. (*See* Petition, *passim*.) As a result, Plaintiff put an amount in controversy equal to the value of the Property. The Travis County Appraisal District values the Property at $1,200,526.00, an amount well in excess of $75,000.00. (*See* Exhibits C, C-1.) For this additional reason, the amount-in-controversy requirement has been met.

## VENUE

29. Venue for removal is proper in this district and division, the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 126th Judicial District Court, Travis County, Texas, the forum in which the removed action was pending.

## NOTICE

30. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 126th Judicial District Court, Travis County, Texas.

31. The contents of Exhibit B constitute the entire file of the State Court Action.

## CONCLUSION

For the reasons described above, Defendant Wilmington respectfully requests this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By: _/s/ Nicholas M. Frame_
**NICHOLAS M. FRAME**
Attorney in Charge
Texas Bar No. 24093448
nframe@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT WILMINGTON**

**List of all Counsel of Record**

1. Billy Goat Construction, LLC
   Plaintiff
   c/o Jeffrey S. Kelly
   The Kelly Legal Group, PLLC
   service@kellylegalgroup.com
   P.O. Box 2125
   Austin, Texas 78768
   (512) 505-0053
   (512) 505-0054 (Fax)

2. Wilmington Savings Fund Society, FSB, not in its Individual Capacity, but solely as Owner Trustee of SG Alternative Mortgage Trust 2022-RTL2
   Defendant
   c/o Nicholas M. Frame
   Mackie Wolf Zientz & Mann, P. C.
   Texas Bar No. 00787303
   14160 North Dallas Parkway, Ste. 900
   Dallas, TX 75254
   nframe@mwzmlaw.com
   (214) 635-2662
   (214) 635-2686 (Fax)

## **INDEX OF DOCUMENTS ATTACHED**

| | |
|---|---|
| Exhibit A | Copy of the Docket Sheet for Cause No. D-1-GN-24-002769 in the 126th Judicial District Court, Travis County, Texas; |
| Exhibit B | Pleadings in Cause No. D-1-GN-24-002769 in the 126th Judicial District Court, Travis County, Texas; |
| B-1 | Original Petition, Application for Temporary Restraining Order, filed May 2, 2024; |
| B-2 | Bond Receipt, filed on May 3, 2024; |
| B-3 | Temporary Restraining Order, signed May 3, 2024; |
| Exhibit C | Declaration of Vivian N. Lopez; |
| C-1 | Data Sheet from the Travis County, Texas Central Appraisal District website on May 13, 2024; and |
| Exhibit D | Assignment of Mortgage, recorded March 18, 2024 |

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 14, 2024, a true and correct copy of the foregoing document was delivered via U.S. mail to the counsel of record listed below:

Jeffrey S. Kelly
The Kelly Legal Group, PLLC
service@kellylegalgroup.com
P.O. Box 2125
Austin, Texas 78768
*Attorney for Plaintiff*

                                             */s/ Nicholas M. Frame*
                                             **NICHOLAS M. FRAME**